JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA
605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 — (Website: www.akb.uscourts.gov)
Clerk's Office: 907-271-2655 (1-800-859-8059 In-State) — Judge's Fax: 907-271-2692

**Filed On 7/11/11**

| In re | Case No. A09-00488-HAR |
| --- | --- |
| DEBORAH ANNE ROBINSON, | In Chapter 7 |
| Debtor(s) | MEMORANDUM REGARDING DENIAL OF REIMPOSITION OF STAY AND TENTATIVE LEGAL INTERPRETATION |

1. **INTRODUCTION**- The court recently entered an order denying debtor's motion to reimpose the automatic stay.[1] Even in an open, active case the automatic stay is generally not reimposed, but a party has to file an adversary proceeding under 11 USC § 105, affirmatively demonstrating the right to injunctive relief.[2] Since the case is closed, there was no legal basis for reimposing the stay.

Some of the protections afforded to an individual debtor by the automatic stay during a bankruptcy continue after the case ends by virtue of the discharge injunction under 11 USC § 524(a). So, this memorandum is also to explain why the court has not expedited a hearing on debtor's motion for contempt for violating the discharge injunction, its main purpose apparently being to derail the pending state court partition action by Scott Harrison.[3]

---

[1] Docket No. 26, entered July 5, 2011; 11 USC § 362(a).

[2] 3 *Collier on Bankruptcy*, ¶ 362.02[7], Injunctive Relief after Stay Termination (Matthew Bender online ed. 2011).

[3] Case No. 3PA-11-01070CI, Scott C. Harrison v Deborah A. Robinson.

MEMORANDUM REGARDING DENIAL OF
REIMPOSITION OF STAY AND
TENTATIVE LEGAL INTERPRETATION                                                                Page 1 of 7

On the surface of things, with the sparse information provided to me by the debtor about the partition case, prosecution of it does not appear to be a violation of the discharge injunction, at least to the extent it is an *in rem* action. To the extent it is a violation, as the facts unfold, any judgment rendered would be void pursuant to 11 USC § 524(a)(1).[4]

2. **THE DISCHARGE INJUNCTION PROTECTS DEBTOR AGAINST PERSONAL LIABILITY FOR DISCHARGED CLAIMS, NOT AGAINST *IN REM* ACTIONS BY PARTIES ATTEMPTING TO ENFORCE THEIR PROPERTY RIGHTS**- Debtor's motion to hold Scott Harrison in contempt alleges: "The reason for this motion is that Mr. Harrison is asserting an interest in real property that Ms. Robinson listed in her bankruptcy schedules and statements as her principal residence." The motion and memorandum indicate sanctions are premised on a violation of § 362(a), although the stay expired when the case was closed in November 2009.

Debtor received a discharge in her case on November 6, 2009.[5] So, I'll presume she is really seeking to enforce her discharge injunction under § 524(a)(2). That section provides:

> § 524. Effect of discharge
>
> (a) A discharge in a case under this title-
>
> > (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
> >
> > (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived; and
> >
> > (3) [relates to community property]

---

[4] 5 *Collier on Bankruptcy*, ¶ 524.02[1], Judgments for Discharged Debts Void; § 524(a)(1) (Matthew Bender online ed. 2011).

[5] Docket Nos. 14 and 15.

MEMORANDUM REGARDING DENIAL OF
REIMPOSITION OF STAY AND
TENTATIVE LEGAL INTERPRETATION                                                                        Page 2 of 7

A discharge in bankruptcy discharges *personal liability* for most prepetition debts.  But creditors' lien rights and claimants' rights in property of the debtor (such as Hamilton is claiming) which was not administered by the chapter 7 trustee generally "pass through" the bankruptcy; that is, they are not effected by the bankruptcy discharge.

> By referring to the debtor's personal liability, it also makes clear that an *in rem* judgment, based upon a prepetition lien and running solely against the debtor's property, would not be affected by the discharge.  As the Supreme Court explained in *Johnson v. Home State Bank*, the right to foreclose on a lien survives or passes through bankruptcy unaffected by the discharge.  Thus, a creditor may enforce a prepetition judgment lien after the discharge, if the automatic stay is no longer in effect and the lien has not been avoided, paid, or modified so as to preclude enforcement.[6]

To analyze the issues, I will refer to several of the schedules debtor filed when she began her bankruptcy in July 2009.  In her bankruptcy schedules, debtor entered the following information:

- <u>Schedule A - Real Estate</u>:

    <u>Description and Location of Property</u>:
    Debtors home, consisting of an unfinished shack with a partially completed home on the property as well as a structure belonging to debtors mother which has an allocated value of $15,300. Tax ID: 56390B02L009. Full assessed value is $81,800.

    8325 N. Amanita Street. Lot 9, Block 2 Raven's Hill Subdivision, Palmer Recording District. **Scott Harrison has a possible equitable interest**. [emphasis added]

    <u>Nature of Debtor's Interest in Property</u>:
    Fee simple absolute

===========================================================

---

[6] 4 *Collier on Bankruptcy*, ¶ 524.02[1], [2]]d (Matthew Bender online ed. 2011); <u>Johnson v Home State Bank</u>, 506 US 78, 84 (1991).

MEMORANDUM REGARDING DENIAL OF
REIMPOSITION OF STAY AND
TENTATIVE LEGAL INTERPRETATION                                                              Page 3 of 7

– Schedule C - Property Claimed as Exempt:

Description of Property:
Debtors home, consisting of an unfinished shack with a partially completed home on the property as well as a structure belonging to debtors mother which has an allocated value of $15,300. Tax ID: 56390B02L009. Full assessed value is $81,800.

Specify Law Providing Each Exemption:
AS § 09.38.010

Value of Claimed Exemption
$66,500.00

Current Value of Property Without Deduction Exemption:

$66,500.00

========================================================
– Schedule F - Creditors Holding Unsecured Nonpriority Claims:

Creditor's Names, etc.:
Harrison, Scott
POB 2711
Palmer, AK 99645

Date Claim Was Incurred, etc.:
Incurred: 2003-9
Consideration: Any and all claims.
[Note: listed as contingent, unliquidated and disputed]

Amount of Claim:
Unknown

While debtor has not clearly articulated why the state court partition action filed by Harrison violates her bankruptcy rights, I surmise it is because she assumes that her listing of Harrison as a creditor on Schedule F, the list of unsecured creditors, results in the "discharge" or avoidance of any rights he has against her residence. If this is her contention, it overstates the effect of her discharge.

11 USC § 727(b) provides:

> Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

Section 524, quoted above, outlines the legal consequences of a discharge.[7]

Simply put, if Harrison was owed any monetary claims by debtor when she filed bankruptcy, they *were* discharged as a personal liability of hers. If, however, he has *in rem* rights in the real estate she listed as her residence in her bankruptcy, Harrison may enforce those rights without violating her discharge.

"A partition proceeding is analogous to a proceeding in rem."[8] The partition action appears to be a question of state law, not bankruptcy law, and the state court is the appropriate venue if this is an *in rem* dispute concerning debtor's real property.

In her bankruptcy schedules, debtor acknowledged Harrison's possible "equitable interest" in her homestead. She also attaches a document to her memorandum, purportedly executed a few days before she filed bankruptcy, which purports to have given Harrison the right to purchase part of her homestead.[9] Thus, Harrison appears to have a colorable claim that he has an *in rem* interest in the property (I intimate no opinion about the merits of his claim). He is asking for the state court to adjudicate the alleged right, and whether he wins or loses will depend upon Alaska state law, as applied to the facts.

---

[7] 6 *Collier on Bankruptcy*, ¶ 727.15 (Matthew Bender online ed. 2011).

[8] <u>Campbell v Jordan</u>, 675 S.E.2d 801, 806 (S.C. App. 2009).

[9] *Memorandum in Support of Motion for Contempt*, Appendix A (Agreement of Property Sale/Transfer of Land Ownership on August 30, 2007). Docket No. 23,

MEMORANDUM REGARDING DENIAL OF
REIMPOSITION OF STAY AND
TENTATIVE LEGAL INTERPRETATION                                                          Page 5 of 7

In re Brewer,[10] a Florida bankruptcy case, is instructive:

> This leaves for consideration the question whether the suit by Ms. Brewer in which she seeks partition of the former marital property is a violation of the permanent injunction granted by the Debtor's discharge, and thus warrants the finding that she and her attorney are guilty of civil contempt.
>
> The resolution of this question is not without difficulty. If Ms. Brewer's suit is viewed solely as an *in rem* action against the Debtor's homestead which was claimed and allowed as exempt, her action clearly has no impact on the Debtor's right flowing from the general discharge. On the other hand, if her suit is viewed as an indirect attempt to collect a discharged debt, that certainly could be a violation of the permanent injunction granted by § 524 of the Bankruptcy Code.

3. **HARRISON'S FAILURE TO OBJECT TO DEBTOR'S CLAIM OF EXEMPTION IN THE REAL PROPERTY DOES NOT BAR HARRISON FROM ASSERTING A RIGHT TO SEEK A PARTITION**- Although the debtor has not argued in her contempt motion that Harrison lost his right to seek partition in state court because of his failure to object to her claim that the residential property was exempt in the bankruptcy case, this argument, if raised, should fail.[11]

FRBP 4003(b) provides that an objection to a claim of exemption must be made within 30 days of completion of debtor's first meeting of creditors under 11 USC § 341(a), or it is lost pursuant to 11 USC § 522(l), which provides, "Unless a party in interest objects, the property claimed as exempt on such list is exempt." But, the bankruptcy rule should not be conflated into an argument that a lien creditor who has not objected to a bankruptcy exemption loses the right to defend against a debtor's claim that the creditor's lien should be avoided on various statutory grounds,[12] or that someone (like Harrison) claiming an ownership interest in the property loses

---

[10] In re Brewer, 148 BR 346, 348 (Bankr. M.D. Fla. 1992).

[11] *See above*, summary of debtor's Schedule C - Property Claimed as Exempt.

[12] In re Mohring, 142 BR 389, 394 (Bankr.E.D. Cal. 1992); 11 USC § 522(l).

MEMORANDUM REGARDING DENIAL OF
REIMPOSITION OF STAY AND
TENTATIVE LEGAL INTERPRETATION                                                                 Page 6 of 7

that interest merely because he or she did not object to a debtor's claim that the property was exempt.[13]

Failure of Harrison to object to debtor's claim of a homestead exemption does not bar his right to pursue a partition.

DATED: July 11, 2011

      /s/ Herb Ross
    HERB ROSS
U.S. Bankruptcy Judge

Serve:
Jeff Carney, Esq., for debtor
Scott Harrison, 1150 S. Colony Way, Suite #3, PMB 256, Palmer, AK 99645
Hon. Vanessa H. White, Superior Court Judge, 435 So. Denali St., Palmer, AK 99645
(Courtesy Copy re Case No. 3PA-11-01070CI, Scott C. Harrison v Deborah A. Robinson)
US Trustee-Anchorage    D7509
7/11/11

---

[13] In re LaVelle, 350 BR 505. 511-12 (Bankr. D. Ida. 2005).

MEMORANDUM REGARDING DENIAL OF
REIMPOSITION OF STAY AND
TENTATIVE LEGAL INTERPRETATION     Page 7 of 7